## RUCKMAN *vs.* DECKER and others.

A decree dated February 13th, 1873, and filed on that day, not being in accordance with the opinion of the court, it was ordered that it be taken from the files, and a new one was drawn under specific directions of the then Chancellor. It was presented not to him, but to his successor in office, by him signed, and then filed. Motion to take the latter decree from the files, as improvidently signed, refused. An order should have been taken, directing the latter decree to be filed *nunc pro tunc.* Such order made, *nunc pro tunc.*

---

Motion to take final decree from the files, as having been improvidently signed.

*Mr. C. H. Winfield,* for motion.

*Mr. J. B. Vredenburgh* and *Mr. Jacob Weart, contra.*

THE CHANCELLOR.

The late Chancellor Zabriskie having heard this cause on its merits in the term of October, 1872, filed his opinion

Ruckman v. Decker.

shortly prior to the 13th of February, 1873. A decree of that date was drawn by the complainant's counsel, and presented to him for his signature. He signed it, and it was filed on that day. The decree not being in accordance with the opinion, the defendants' counsel, then Mr. Barker Gummere, on the 18th of the same month of February, gave notice to the complainant's solicitor of a motion to be made before the Chancellor on the 25th of that month, to rectify the decree in certain specified respects. At the time fixed in the notice the motion was made and the matter discussed. The Chancellor pronounced the decree to be erroneous, ordered it to be taken from the files, and gave specific directions for another, which he requested Mr. Gummere to draw. Mr. Gummere did so, and sent the draft to the complainant's solicitor to be examined, and, if found satisfactory, to be by him submitted to the Chancellor for his signature. The complainant's solicitor was satisfied with it, but retained it in his possession, without presenting it to the Chancellor, until some time in the following June, when he presented it to the present Chancellor, who signed it. It was dated on the 13th of February, 1873, and filed on the 11th of June following. Chancellor Zabriskie's term of office expired on the 1st day of May, 1873. After the filing of the decree in June, the master therein mentioned proceeded with the reference thereby directed, the solicitors of both parties attending before him accordingly. The master having made his report, it was filed, and a decree confirming it was entered on the 12th of April, 1876. No objection appears to have been made to the decree of June, 1873, from the time when it was entered until after the decree of April, 1876, confirming the master's report. Motion is now made on behalf of the defendants to take the decree of June, 1873, from the files, as having been improvidently signed, because, at the time of its date, the Chancellor by whom it was signed was not in office, his term not having then begun. The power of the Chancellor to order a decree to be signed *nunc pro tunc*, even after a very long interval has elapsed after pronouncing it, is beyond question. *Benson* v.

*Woolverton*, 1 *C. E. Green* 110 ; *Burnham* v. *Dalling, Id.* 310 ; *Donne* v. *Lewis*, 11 *Ves.* 601 ; *Lawrence* v. *Richmond*, 1 *J. & W.* 241 ; *Gray* v. *Brignardello*, 1 *Wall.* 627 ; 1 *Barb. Ch. Pr.* 340 ; 2 *Dan. Ch. Pr.* 1016, (3d *Am. ed.* 1028.) Said Lord Eldon, in Donne *v.* Lewis, which was a case where the original decree could not be found, and the motion was to supply its place with another : " The court will enter a decree *nunc pro tunc*, if satisfied, from its own official documents, that it is only doing now what it would have done then." In Lawrence *v.* Richmond, the same Chancellor ordered that a decree be drawn up conformably to the minutes of the registrar's book, although twenty-three years had elapsed between the time of pronouncing the decree and the time of making the motion. The decree had been drawn up when it was pronounced, but it was not entered, and there had been no proceedings under it. In this court, in 1873, in the case of *Dorsheimer* v. *Rorback*, 9 *C. E. Green* 33, a decree made by Chancellor Zabriskie was amended by the present Chancellor from, and made to conform to the opinion on file, by the addition of a clause necessary to effectuate the remedy of the complainant under it, and which had been inadvertently omitted in drawing it. In the case before me there was, as already appears, an opinion on file. No objection is made to the decree under consideration on the ground of non-conformity to the opinion. Indeed there would seem to be no room for objection or criticism on that score, for it was drawn by the then counsel of the defendants, under circumstances which were such as to secure conformity, and it was signed as drawn by him. The Chancellor by whom it was pronounced, dictated its terms. The counsel of the complainant was satisfied with it. There was, under the circumstances, no need of notice of presenting it for signature. It must be held to have been regularly entered, except that there should have been an order directing that it be filed *nunc pro tunc. Burnham* v. *Dalling, ubi supra.* Such an order will now be made, *nunc pro tunc.*